UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAMES MITCHELL,                    :
    Petitioner,                :
                               :
    v.                         :     Case No. 3:16cv486(DJS)
                               :
COMMMISSIONER OF CORRECTION,        :
    Respondent.                :

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, James Mitchell, is confined at Cheshire Correctional Institution.  He brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 convictions for attempted murder, kidnapping, sexual assault, assault, possession of a firearm and conspiracy to commit murder, kidnapping, sexual assault and assault.  For the reasons that follow, the petition is dismissed.

## I.   Procedural Background

On September 22, 2005, a jury in the Connecticut Superior Court for the Judicial District of Hartford found the petitioner guilty of multiple criminal offenses, including attempted murder in violation of Connecticut General Statutes §§ 53a-49(a), 53a-8 and 53a-54a and conspiracy to commit murder in violation of Connecticut General Statutes §§ 53a-48(a) and 53a-54a.  *See*

*State v. Mitchell*, 110 Conn. App. 305, 307-08 (2008).[1]  The court subsequently imposed a total effective sentence of fifty-seven years of imprisonment.  *Id.* at 310.

The petitioner appealed his sentence and convictions.  On September 16, 2008, the Connecticut Appellate Court affirmed the petitioner's convictions.  I*d.* at 329.  On November 5, 2008, the Connecticut Supreme Court denied the petitioner's request for certification to appeal the decision of the Appellate Court. *State v. Mitchell*, 289 Conn. 946 (2008).

On February 22, 2006, the petitioner filed a petition for a new trial in the Connecticut Superior Court for the Judicial District of Hartford.  *See* Pet. Writ Habeas Corpus, Doc. No. 1 at 5. On August 22, 2016, the court denied the petition. *Mitchell v. State of Connecticut*, CV 064021601S, 2016 WL 5339515, at *6 (Conn. Super. Ct. Aug. 22, 2016).  On September

---

[1] The jury also found the petitioner guilty of one count of kidnapping in the first degree in violation of General Statutes §§ 53a-8 and 53a-92(a)(2)(A), one count of conspiracy to commit kidnapping in the first degree in violation of Connecticut General Statutes §§ 53a-48 and 53a-92(a)(2)(A), one count of sexual assault in the first degree in violation of General Statutes §§ 53a-8 and 53a-70(a)(1), one count of conspiracy to commit sexual assault in the first degree in violation of Connecticut General Statutes §§ 53a-48 and 53a-70(a)(1), one count of assault in the first degree in violation of Connecticut General Statutes §§ 53a-8 and 53a-59(a)(5), one count of conspiracy to commit assault in the first degree in violation of Connecticut General Statutes §§ 53a-48(a) and 53a-59(a)(5), and one count of criminal possession of a firearm in violation of Connecticut General Statutes § 53a-217(a)(1).  *See id.*

28, 2016, the petitioner filed an appeal from the denial of his motion for a new trial in the Connecticut Appellate Court. That appeal is pending at this time.[2]

On April 13, 2010, the petitioner filed a petition for writ of habeas corpus in state court raising claims of ineffective assistance of counsel. *See* Pet. Writ Habeas Corpus, Doc. no. 1 at 6. On Aug. 1, 2013, after a hearing, a judge denied the petition. *See Mitchell v. Warden*, Case No. CV104003523, 2013 WL 4504829 (Conn. Super. Ct. Aug. 1, 2013).

On March 26, 2014, the petitioner filed a second state habeas petition raising the following claims: "1) inconsistent theories, 2) ineffective assistance of habeas counsel [and] 3) ineffective assistance of habeas appellate counsel." Pet. Writ Habeas Corpus, Doc. No. 1 at 7; *Mitchell v. Warden*, Docket No. TSR-CV14-4006076-S (Conn. Super. Ct. Mar. 26, 2014). That petition remains pending. [3]

On April 7, 2015, the Connecticut Appellate Court affirmed the denial of the first state habeas petition. *See Mitchell v. Commissioner of Correction*, 156 Conn. App. 402 (2015). On May

---

[2] Information regarding this case may be found at: http://www.appellateinquiry.jud.ct.gov under Case Look-up by Docket Number; using Appellate 39662 (last visited November 3, 2016).

[3] Information regarding this case may be found at: http://www.jud.ct.gov/jud2.htm under Civil/Family/Housing Case Look-up; Docket Number Search using TSR-CV14-4006076-S (Last visited on November 3, 2016).

20, 2015, the Connecticut Supreme Court denied the petitioner's request for certification to appeal the decision of the Appellate Court. *See Mitchell v. Commissioner of Correction*, 317 Conn. 904 (2015).

The petitioner filed the present petition on March 25, 2016. The petition includes four grounds for relief.

## II. <u>Standard of Review</u>

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems. *See Coleman v. Thompson*; 501 U.S. 722, 731 (1991).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] . . . in each appropriate state court (including a state supreme court with powers of discretionary review)" if it "alert[s] that court to the federal nature of the claim."

4

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted).  A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so."  *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).  A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted.  *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005).

III. **Discussion**

In a letter to the Clerk of the Court, the petitioner stated that he received two different habeas petition forms and was not sure which one to file, so he filed both forms.  *See* Pet. Writ Habeas Corpus, Doc. No. 1-2.  He has submitted a section 2254 petition form and a section 2241 petition form, which are attached to each other.  *See id.*, Doc. No. 1 & Doc. No. 1-1.

"A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a

prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Under 28 U.S.C. § 2254, a habeas petition may be filed in federal court by a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the petitioner challenges his confinement pursuant to state court convictions, the Court construes the combined petitions as having been filed pursuant to 28 U.S.C. § 2254, and not 28 U.S.C. § 2241. The Court will review all of the grounds that have been raised in the combined petitions.

The section 2254 petition includes three grounds and the section 2241 includes four grounds. The three grounds in the section 2254 petition are essentially identical to the second, third and fourth grounds of the section 2241 petition. The section 2241 petition includes a fourth claim that is not included in the section 2254 petition. Thus, the court considers the combined petitions to raise a total of four grounds for relief.

The three grounds raised in both petitions are as follows: (1) the Connecticut Appellate Court erred in determining that the petitioner had abandoned a claim by failing to include it in

6

a brief filed after the habeas hearing (the claim that trial counsel was ineffective during pre-trial plea negotiations by failing to advise the petitioner about essential elements of the crimes with which he was charged); (2) trial counsel was ineffective for failing to investigate important evidence; and (3) cumulative errors by counsel constituted ineffective assistance of counsel.  *See* Pet. Writ Habeas Corpus Pursuant to Section 2254, Doc. No. 1 at 9, 11, 13; Pet. Writ Habeas Corpus Pursuant to Section 2241, Doc. No. 1-1 at 6-8.  On appeal to the Connecticut Supreme Court from the decision of the Connecticut Appellate Court, the petitioner raised the first ground relating to the Appellate Court's alleged error in refusing to address the claim that trial counsel was ineffective during pre-trial plea negotiations.  Thus, that claim is exhausted.

The petitioner raised the second ground relating to trial counsel's alleged failure to investigate on appeal from the state habeas decision to the Connecticut Appellate Court.  He did not, however, raise this ground in his petition for certification to the Connecticut Supreme Court.  Thus, that claim is not exhausted.

The petitioner concedes that he did not exhaust his state court remedies as to the third ground – ineffective assistance of counsel due to cumulative errors.  He states that counsel refused to raise it on appeal.  The petitioner has filed a

second state habeas petition raising ineffective assistance of habeas counsel and habeas appellate counsel claims that remains pending.

The fourth claim, as indicated above, is included in the section 2241 petition.  The petitioner describes this claim as follows: "[t]he state habeas court decision was based on evidence not on the record or presented at the habeas corpus trial hearing (in part)."  Pet. Writ Habeas Corpus Pursuant to Section 2241, Doc. 1-1 at 6.  This claim was not raised on appeal to the either the Connecticut Appellate or Supreme Courts.  Consequently, it is not exhausted.

Thus, one ground in the petition has been exhausted and three grounds are unexhausted.  Accordingly, the petition is deemed a mixed petition containing exhausted and unexhausted claims.

Traditionally, a mixed petition that contained both exhausted and unexhausted claims was dismissed without prejudice to refiling another federal habeas corpus action after all claims had been exhausted.  *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000). After the Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year limitations period for filing a federal habeas action, however, the Second Circuit directed district courts not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his

claims addressed by the federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001). Instead, the Second Circuit recommended that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court. *Id.* at 380-83. In 2005 the Supreme Court determined that such a stay "is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court" and when the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

The limitations period commences when the conviction becomes final and is tolled while a properly filed application for post-conviction relief is pending in state court. *See* 28 U.S.C. §2244(d); *Rhines*, 544 U.S. at 274. The limitations period has not begun to run because the petitioner filed a petition for a new trial in 2006 before the direct appeal of his conviction became final, and his appeal from the denial of that petition is still pending in state court. In addition, the petitioner's second habeas petition, filed in 2014, remains pending. Because none of the limitations period has expired, the Court will dismiss this action without prejudice to re-filing it after the petitioner has fully exhausted his state court remedies as to all claims.

9

IV.  __Conclusion__

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED** without prejudice for failure to exhaust state court remedies.  The petitioner may re-file his federal habeas petition after he has exhausted his state court remedies as to all claims he wishes to pursue in federal court. As to his currently unexhausted claims, the petitioner must pursue and fully exhaust state court remedies if he wishes to include those claims in any future habeas petition filed in federal court.

The Court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies with regard all grounds in the petition.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to enter judgment and close this

case.

        SO ORDERED this  4th  day of November, 2016, at Hartford,

Connecticut.


                ____/s/ DJS_____
                DOMINIC J. SQUATRITO
                UNITED STATES DISTRICT JUDGE